UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN CARPENTERS PENSION FUND, et al.,

    Plaintiffs,

v.                                                                    Case No. 06-C-535

MIDWEST STUD AND DRYWALL CO.,

    Defendant.

**ORDER**

Plaintiffs, various health and pension funds and their representatives, bring this action under the Labor Management Relations Act and Employee Retirement Income Security Act (ERISA) to recover allegedly delinquent contributions owed by the defendant. Pursuant to an agreement between the defendant and the Northern Wisconsin Regional Council of Carpenters, the defendant agreed to make the contributions now alleged to be delinquent. (Passineau Aff., Ex. 1.)

Plaintiffs moved for summary judgment in December 2006, and no response has been filed by the defendant. The evidence is therefore deemed undisputed, which is perhaps not surprising given that the figures are based on submissions made by the defendant itself. The evidence shows that liquidated damages and interest owed are $74,135.82. Attorney's fees and costs are $1,745.42, resulting in a total due of $75,881.24.[1] This figure represents the amounts due based on audited reports through May 31, 2006. Plaintiffs also seek unspecified amounts due since May 31, which will apparently require further auditing of the defendant's books.

---

[1] Under ERISA § 502(g), an employer must pay its owed contributions and either double interest or interest plus liquidated damages of up to 20%, whichever is higher, plus attorney fees. 29 U.S.C. § 1132(g).

Because the facts are not disputed and the amounts set forth by the plaintiffs are due and owing, the plaintiffs' motion for summary judgment is **GRANTED**. Defendant Midwest Stud & Drywall Co. is **ORDERED** to pay plaintiff funds all unpaid contributions, interest, liquidated damages, reasonable attorney fees and costs pursuant to the collective bargaining and trust agreements, including $75,881.24 for amounts due through May 31, 2006, as well as such amounts as may prove to be due after that date based on further audit of the defendant. Plaintiffs shall advise the court as to what further steps it intends to take to obtain the relief to which it is entitled and the likely date by which such steps will be completed so that judgment can be entered and this matter concluded.

Dated this   9th   day of February, 2007.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge